IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ORANTES, <br>     Plaintiff, <br><br>     v. <br><br> CNH GROUP INSURANCE PLAN ET. AL., <br>     Defendants. | CIVIL ACTION <br><br> NO. 10-7215 |

**MEMORANDUM OPINION**

Tucker, J.                                                                                                April ___, 2011

    Presently before the Court is Plaintiff Silvia Orantes's Motion to Determine the Court's Standard of Review (Docs. 13-14.), Defendant Prudential Insurance Company of America's Response in Opposition thereto (Docs. 15-17.) to Plaintiff's Reply Brief, which the Court will treat as a Motion for Leave to Reply (Doc. 16.) and Defendant Prudential Insurance Company of America's Sur-Reply to Plaintiff's Reply Brief (Doc. 20.). Upon careful consideration of the parties submissions and exhibits thereto, the Court will grant the motions.

**I.**                                                        **BACKGROUND**

    Plaintiff, Silvia Orantes, brings this action under section 502(a)(1)(b) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), seeking to overturn the decision of Defendant Prudential Insurance Company of America, ("Prudential") finding that she is no longer eligible for partial long-term disability benefits under the terms of the Long Term Disability Plan (the "Plan") provided by her employer, CNH Group Insurance Plan. ("CNH").[1]

---

[1] The Court will dispense with a recitation of the underlying facts for the purpose of resolving the instant motion which focuses on the applicable standard and scope of review for the case sub judice.

## II. LEGAL STANDARD

At issue here is the applicable standard of review for the instant action. ERISA permits a participant or beneficiary of a plan to initiate an action "to recover benefits due to him [or her] under the terms of his plan, to enforce his [or her] rights under the terms of the plan, or to clarify his [or her] rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(A)(B). The act does not specify the applicable standard of review for an action brought under § 1132(a)(1)(B); however, in Firestone Tire and Rubber Co., v. Bruch, 489 U.S. 101, 109 S. Ct. 948, 103 L. Ed. 2d 80 (1989), the Supreme Court provided guidance on the issue. There, the Supreme Court held that

> a denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard, unless the benefit plan gives the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan.

Id. at 115. If, however, the plan confers such discretion, an "arbitrary and capricious" standard of review applies. See e.g., Howley v. Mellon Fin. Corp., 625 F.3d 788, 792 (3d Cir. 2010); Smathers v. Multi-Tool Inc./Multi-Plastics, Inc. Employee Health and Welfare Plan, 298 F.3d 191, 194 (3d Cir. 2002); Gillis v. Hoechst Celanese Corp., 4 F.3d 1137, 1141 (3d Cir. 1993) "[W]hen the arbitrary and capricious standard applies, the decision maker's determination to deny benefits must be upheld unless it was clear error or not rational." (citing Shiffler v. Equitable Life Assurance Soc'y, 838 F.2d 78, 83 (3d Cir. 1988).

No clear cut test exists for determining whether a plan confers discretion on an administrator or fiduciary. Luby v. Teamsters Health, Welfare, & Pension Trust Funds, 944 F.2d 1176, 1179 (3d Cir. Pa. 1991) (noting that "ERISA is silent on the proper standard by which the district court should review fact findings made by plan administrators...."). To determine the applicable standard of review, the Court must look to the terms of the plan at issue to ascertain whether it granted Prudential discretion to interpret plan terms, act as a fact finder or to determine a beneficiary's right to benefits. Luby, 944 F.2d

at 1180. ("Whether a plan administrator's exercise of power is mandatory or discretionary depends upon the terms of the plan."). To alter the de novo standard of review, the grant of discretionary authority must be clear and unambiguous. The burden is on the administrator to show that the plan gives it discretionary authority. A plan can confer discretionary authority in one of two ways. See Luby, 944 F.2d at 1180. First, a plan may include language creating an express grant of discretion. Second, "[d]iscretionary powers may be implied by a plan's terms even if not expressly granted." Id. In both situations the grant of discretion of must be clear and unambiguous for the Court to abandon the default de novo standard of review.

**III.** **DISCUSSION**

The parties in this case vigorously dispute whether the plan confers discretionary authority on Prudential. Plaintiff argues that Prudential's decision is subject to de novo review because the plan does not reserve the discretion to determine eligibility for benefits or to interpret the terms of the plan. In making this argument, Plaintiff maintains that the ERISA Statement attached to the LTD Plan is not a part of the LTD Plan; thus, it cannot confer discretionary authority on Prudential.

In opposition, Prudential contends that the plan grants it discretion for two reasons. First, Prudential argues that the ERISA Statement is a part of the LTD Plan and confers the requisite discretionary authority to warrant application of the "arbitrary and capricious" standard of review. Second, Prudential contends that language contained in the LTD Plan document itself, stating that receipt of benefits is contingent upon the claimant submitting proof of disability that is "satisfactory to Prudential" grants Defendant Prudential sufficient discretion for deferential review to apply. (Def.'s Mem in Supp. of Resp. in Opp'n 3).

In the case sub judice, the ERISA Statement provides in relevant part that

The Prudential Insurance Company of America as Claims Administrator has the sole

>discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility of benefits. The decision of the Claims administrator **shall not be overturned unless arbitrary and capricious**.

(Ex. 4. Def.'s Resp. in Opp'n 2) (emphasis added). Despite this broad grant of authority, the ERISA Statement explicitly states that "it is not part of the Group Insurance Certificate." (Ex. 4. Def.'s Resp. in Opp'n 1).

The Third Circuit has not squarely addressed whether an ERISA Statement is a plan document. However, district courts in the Fourth, Ninth and Seventh Circuits have had occasion to address this issue and have decided almost uniformly that they are not. The Court finds Besser v. Prudential Insurance Co. of America,, 2008 U.S. Dist. LEXIS 116869 (D. Haw. 2008) instructive. In Besser Defendant Prudential argued that the ERISA statement at issue there granted it discretion by stating, "[Prudential] as Claims Administrator has the sole discretion to interpret the terms of the Group Contract, to make factual findings, and to determine eligibility for benefits. The decision of the Claims Administrator shall not be overturned unless arbitrary and capricious." Id. at *5. The Besser court held that the ERISA statement was not a plan document, reasoning that the ERISA statement following the certificate of insurance was preceded by a notice stating, "[t]his ERISA Statement is not part of the Group Insurance Certificate." Id. at *3. Thus, the statement did not vest discretion in the plan administrator. Additionally, the long-term disability insurance policy stated the group contract was comprised of, among other things: (1) the insurance certificates; (2) all modifications and endorsements to the insurance certificates and group contract; (3) the forms listed in the table of contents; (4) and the contract-holder's application. Id. at *2-3. The ERISA statement was not listed. The court concluded that the ERISA statement was at best, attached to the certificate of coverage and was not a part of the plan documents. Id. at *6.

Similarly, here, the ERISA Statement appears to grant Prudential discretionary authority, however, the page preceding the statement explicitly states,"[t]his ERISA Statement is not part of the Group Insurance Certificate." (Ex. 4. Def.'s Resp. in Opp'n 1)  Moreover, Defendants note that the plan documents for the LTD Plan at issue include the Group Insurance Contract, the LTD Booklet-Certificate, and the CNH Disability Summary Plan Description booklet.  See (Doc.23). The ERISA Statement is not incorporated into the LTD Plan by the terms of the insurance contract.  Prudential cannot rely on the ERISA statement to support its claim that it is entitled to a deferential standard of review.  Only plan documents can be used to confer discretionary authority on an insurer  See e.g., Gingras v. Prudential Ins. Co. of Am., 2007 U.S. Dist. LEXIS 25071, 18-19 (N.D. Ill. 2007) (applying de novo review where the "the ERISA statement states that it "is not part of the Group Insurance Certificate." and finding that the "the ERISA statement is not a plan document and cannot be the source of the discretionary review. . . ."); Woods v. Prudential Ins. Co. of Am., 528 F.3d 320, 322 (4th Cir. 2008) (declining to find a Summary Plan Description which appeared to grant Prudential discretionary authority as a plan document where the "SPD [was] separated from the body of the Group Insurance Certificate by a separator page that states in large, bold lettering "The Summary Plan Description is not part of the Group Insurance Certificate."); Roth v. Prudential Ins. Co. of Am., 2010 U.S. Dist. LEXIS 118851, *15 (D. Or. 2010) (holding that "[t]he ERISA Statements attached to the Certificates of Insurance are not Plan documents and therefore cannot provide the required language to invoke the abuse of discretion standard of review.").  The Court finds the decisions in Besser, Woods and Roth persuasive, and concludes that Prudential failed to meet their burden of demonstrating that the ERISA Statement is a plan document and is thus capable of conferring discretionary authority on Prudential.

The Court also rejects Prudential's argument that the language contained in the LTD Plan

requiring a participant to submit proof of disability that is "satisfactory to Prudential" grants the requisite discretion for a deferential standard of review. The Court notes that "no 'magic words,' such as 'discretion is granted . . .,' need be expressly stated in order for the plan to accord the administrator discretion to interpret plan terms and to hear and decide disputes between persons alleging themselves to be beneficiaries, so long as the plan on its face clearly grants such discretion." Luby, 944 F.2d at 1180 (citing De Nobel v. Vitro Corp., 885 F.2d 1180, 1187 (4th Cir. 1989). See also Post v. KidsPeace Corp., 98 Fed. Appx. 116, 120 n2. (3d Cir. 2004) ("We note as well that the discretion required to trigger the more deferential arbitrary and capricious standard of review need not be explicitly stated in the employee welfare plan or summary plan description, but may be implied from its terms.") (citation omitted). Nonetheless, the language highlighted by Prudential in support of this argument is insufficient to constitute a clear grant of discretionary authority as required under Third Circuit law. See e.g. Elms v. Prudential Ins. Co. of Am., 2008 U.S. Dist. LEXIS 76917, *46 (E.D. Pa. 2008) (finding the phrase "when Prudential determines," insufficient to confer unambiguously discretion upon Prudential). That Prudential makes determinations of eligibility does not suffice to confer the requisite discretionary authority to warrant the application of the arbitrary and capricious standard of review. See e.g., Woods, 528 F3d at 323. (noting that "almost all ERISA plans designate an administrator who, in order to carry out its duties under the plan, must determine whether a participant is eligible for benefits. Yet this authority to make determinations does not carry with it the requisite discretion under Firestone unless the plan so provides."); Kinstler v. First Reliance Std. Life Ins. Co., 181 F.3d 243, 252 (2d Cir. 1999) ("Every plan that is administered requires submission of proof that will "satisfy" the administrator. No plan provides benefits when the administrator thinks that benefits should not be paid! Thus, saying that proof must be satisfactory "to the administrator" merely states the obvious point that the

administrator is the decision-maker, at least in the first instance.").

**IV.**                              **CONCLUSION**

For all the foregoing reasons, the Court finds that Prudential has not carried its burden of establishing that its decision to deny long term disability benefits to Plaintiff Orantes is entitled to a deferential standard of review. Accordingly, the Court will grant Plaintiff's motion and will apply the de novo standard.

**BY THE COURT:**

**/s/ Petrese B. Tucker**

**_____**
**Hon. Petrese B. Tucker, U.S.D.J.**